UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00881-FWS-KESDate: July 21, 2025
Title: Ngo v. Mercedes-Benz USA, LLC, *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [17]**

    Plaintiff Nhue Q. Ngo ("Plaintiff") brings this case against Defendants Winnebago Industries, Inc., Mercedes-Benz U.S.A., Inc., and Dennis Dillon RV, LLC (collectively, "Defendants") related to an allegedly defective motor home. (*See generally* Dkt. 1-1 (Complaint).) Before the court is Plaintiff's Motion to Remand. (Dkt. 17 ("Motion" or "Mot.").) In the Notice of Motion, Plaintiff states, "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 27, 2025." (Notice of Mot. at 2.) Plaintiff's counsel filed a declaration providing further detail:

> I complied with this Court's Local Rule 7-3 by contacting opposing counsel, Nathaniel R. Cowden, Esq., by telephone. I further emailed defense counsel to meet and confer. I explained (1) that I was contacting him in order to conduct a conference of counsel as required by this Court's Local Rule 7-3, (2) that we intended to file a motion to remand this action, and (3) Defendant, MERCEDES-BENZ U.S.A, INC. ("MBUSA" or "Defendant") has the burden of establishing that removal was proper both substantively and procedurally. I asked counsel to explain the legal and factual basis for his removal and the evidence supporting it, and advised him that in the absence of a legal and factual basis, I would have to file a motion to remand the action. Attached hereto as Ex "A" is a true and correct copy of email the email to Mr. Cowden.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00881-FWS-KES | Date: July 21, 2025 |
| Title: Ngo v. Mercedes-Benz USA, LLC, *et al.* | |

(Dkt. 17-2 (Declaration of Jim O. Whitworth) ¶ 2.)  In opposition, Defendant contends the following as to the purported Local Rule 7-3 conference:

> Plaintiff completely ignored not only the Local Rules but also the rules of this Court as "preferably in person" meeting and conferring prior to the filing of any motion. The Parties did not actually meet and confer regarding this motion in any meaningful way, and Plaintiff's counsel certainly did not make a good faith effort to meet and confer. (Cowden Decl. ¶ 2.) Plaintiff's Counsel never made any attempt to telephone Defense Counsel for MBUSA, as no record of any such call can be found in MBUSA Counsel Nathaniel R. Cowden, Esq.'s personal office voicemail/missed call directory, nor in the Theta Law Firm, LLP firm-wide system. (Cowden Decl. ¶ 3.)

(Dkt. 21 at 1-2.)  Plaintiff did not file any reply.  (*See generally* Dkt.)

     Central District of California Local Rule 7-3 provides that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion."  *Id.*  Then, "[i]f the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion."  *Id.*

     When a party fails to comply with Local Rule 7-3, "[t]he Court may decline to consider [the] motion."  C.D. Cal. L.R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").  The court finds that doing so is appropriate here.  "Compliance with the Local Rules is not optional."  *Cerelux Ltd. v. Yue Shao*, 2017 WL 4769459, at *1 (C.D. Cal. June 9, 2017).  In particular, Local Rule 7-3 is not "just a piece of petty pedantry put down to trip up lawyers" or "mere formalism simply there" for

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00881-FWS-KES | Date: July 21, 2025 |
| Title: Ngo v. Mercedes-Benz USA, LLC, *et al.* | |

lawyers to "check[] off." *Lopez v. Wells Fargo Bank, N.A.*, 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). Rather, it serves important functions to help "secure the just, speedy, and inexpensive determination of every action and proceeding." *Id.* (quoting Fed. R. Civ. P. 1); *Communities v. Centerline Hous. P'ship I, L.P.*, 2022 WL 17224665, at *2 (C.D. Cal. Aug. 9, 2022) ("The purpose of Rule 7-3 is not merely to provide notice of a pending motion, but to encourage parties to discuss their respective positions and identify any common ground. This is an essential step to conserve limited judicial resources."); *Cerelux*, 2017 WL 4769459, at *1 ("The meet-and-confer requirement of Local Rule 7-3 assists in promoting the resolution of disputes without requiring the intervention of the Court. It also serves the important purpose of providing the opposing party sufficient notice as to the contents of a proposed motion and an opportunity to negotiate on the hearing date. This allows for the preparation of an adequate response given the otherwise short briefing schedule for motions provided for by the Local Rules."); *R.H. v. Cnty. of San Bernardino*, 2019 WL 10744836, at *1 (C.D. Cal. Sept. 25, 2019) (cleaned up) ("The purpose of Local Rule 7-3 is to help parties reach a resolution and eliminate the necessity for a hearing, which in turn promotes judicial economy and the administration of justice."). For these reasons, the rule does not include exceptions for futility or redundancy. *Cerelux*, 2017 WL 4769459, at *1; *Sundby v. Fid. Nat'l Title Ins. Co.*, 2022 WL 19795654, at *2 (C.D. Cal. Dec. 9, 2022).

Here, the court finds the Motion was filed without complying with Local Rule 7-3, which requires that "[t]he conference must take place in person, by telephone, or via video conference." L.R. 7-3. Although Plaintiff's counsel states that he "contact[ed] opposing counsel . . . by telephone," the record does not sufficiently demonstrate that any conference satisfying the requirements of Local Rule 7-3 took place by telephone or any other acceptable means. (*See* Notice of Mot.; Whitworth Decl. ¶ 2; Opp. at 1-2; *see also* Dkt. 21-1 (Declaration of Nathaniel R. Cowden) ¶ 2 ("I did not discuss the issues raised in the motion with Plaintiff's counsel telephonically.").) The Motion is therefore **DENIED.**

Finally, the court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for July 31, 2025, is **VACATED** and off calendar.

___

| **CIVIL MINUTES – GENERAL** | 3 |
|---|---|