UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00881-FWS-KES Date: August 26, 2026
Title: Nhue Q. Ngo v. Mercedes-Benz USA, LLC

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Appellant: | Attorneys Present for Appellee: |
| Not Present | Not Present |

**PROCEEDINGS: ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH TWO COURT ORDERS**

The court's July 30, 2026, Scheduling Order required the first round of trial filings in this case to be filed on or before August 25, 2026. (Dkt. 26 at 3.) The first round of trial filings was to include, at minimum, (1) memoranda of contentions of fact and law, (2) witness lists, (3) a joint exhibit list, and (4) joint status report regarding settlement. (*Id.*) Although the parties filed items 1 and 2, neither party filed item 3 or 4. (*See* Dkts. 27-30; *see generally* Dkt.) The parties have therefore failed to comply with the court's Scheduling Order.

The court observes that Plaintiff has also failed to comply with the court's Order on Pretrial and Trial Procedures. (Dkt. 9.) The Order on Pretrial and Trial Procedures requires that "Witness Lists shall [] include, for each witness: a brief description of the witness's expected testimony; why the witness's testimony will not be duplicative of other witnesses' testimony; and a time estimate in hours or minutes (as applicable) of the length of direct and cross-examination of the witness." (Dkt. 19 at 4.) Plaintiff's witness list contains three names and no further information, in contravention of the court's Order on Pretrial and Trial Procedures. (Dkt. 30.)

"[I]t is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-00881-FWS-KES Date: August 26, 2026
Title: Nhue Q. Ngo v. Mercedes-Benz USA, LLC

*& Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). In addition, scheduling orders and other pretrial orders are not "frivolous piece[s] of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. Indeed, enforcing scheduling orders is even more important "[a]s the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts." *Johnson*, 975 F.2d at 611. Efforts to efficiently resolve cases "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Based on the record, as applied to the relevant law, Plaintiff is **ORDERED** to show cause in writing on or before **September 3, 2026,** why this case should not be dismissed for lack of prosecution and failure to comply with court orders, and why sanctions should not be imposed. Failure to timely respond to this Order to Show Cause will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of court."); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts may "act sua sponte to dismiss a suit for failure to prosecute") (cleaned up); *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of [their] failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (affirming *sua sponte* dismissal with prejudice "for failure to prosecute and for failure to comply with a court order"); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (stating that "[d]istrict courts have inherent power to control their dockets" and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal").